

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 96 CR 530-1 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| DARRELL TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Darrell Taylor was convicted of bank robbery and using a firearm during the commission of a violent crime. As part of his sentence, he was ordered to make restitution in the amount of $50,000. Taylor moves for modification of the restitution order pursuant to 18 U.S.C. § 3664(k). He also moves for leave to file a reply in support of his motion.

## BACKGROUND

Taylor and Ali Robinson were convicted of robbing the First National Bank of Chicago of $133,765 in violation of 18 U.S.C. § 2113(a) and (d), and using a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c). Prior to sentencing, the probation department prepared a presentence report. The presentence report indicated that Taylor owed $133,765 in restitution pursuant to 18 U.S.C. § 3663 and U.S. Sentencing Guideline §5E1.1, and that the government recovered $24,287.80 of proceeds from the robbery. Presentence report, p. 11. The presentence report also indicated that Taylor had a limited ability to pay a fine or restitution, but that he could pay restitution through the Inmate Financial Responsibility Program operated by the Bureau

of Prisons. *Id.* at pp. 9-10. Taylor did not file any objections to the presentence report. *See* February 11, 1997 transcript, at pp. 2-3, attached to motion.

On February 11, 1997, Taylor was sentenced to 181 months imprisonment, 3 years of supervised release, and ordered to pay $50,000 in restitution to the First National Bank of Chicago ("the bank"). The judgment order requires Taylor to make restitution payments through the Inmate Financial Responsibility Program and to pay the balance due upon his release in equal monthly installments during the period of supervised release. In calculating restitution, the court started with the full restitution amount ($133,765), subtracted the amount recovered by the government ($24,287.80), and divided the sum by two because there were two defendants. The court reduced the resulting figure ($54,738.60) to $50,000 for each defendant and found them unable to pay full restitution. *Id.* at p. 5.

## DISCUSSION

Taylor moves the court to modify his restitution order to reflect all funds seized by the government and returned to the bank. He also requests the court to review the abduction enhancement applied to his sentence, in light of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

### I. Motion to Modify Restitution Order

Taylor brings his motion to modify the restitution order under 18 U.S.C. § 3664(k). The government argues Taylor cannot seek relief under this statute because his financial condition has not changed. 18 U.S.C. § 3664(k) provides that upon notification of a change in the defendant's economic circumstances, the court may adjust the restitution payment schedule as the interests of justice may require. The court has not received notification of a change in Taylor's economic

2

circumstances. Indeed, Taylor remains incarcerated and continues to make restitution payments through the Inmate Financial Responsibility Program. Taylor may not rely on 18 U.S.C. § 3664(k) to seek modification of his restitution order.

Nevertheless, the government concedes Taylor's restitution obligation is inaccurately reflected in the Clerk's records and that correction is warranted. Taylor claims the government seized $42,287.80 in funds, and his Suzuki motorcycle valued at $4,200. He argues the full restitution amount of $133,765 should have been reduced by $46,487.80. According to Taylor, the full restitution amount is $87,277.20, rather than $100,000. The government concedes that Taylor's restitution account has not been properly credited to reflect proceeds from the sale of his Suzuki motorcycle. It provides evidence that the sale netted $428.60. Response, Ex. 1. The failure to properly credit Taylor's account is a clerical error that can be corrected pursuant to Fed. R. Crim. P. 36. The Clerk of the Court is ordered to correct the record to credit Taylor's restitution account in the amount of $428.60.

Taylor next argues he should receive credit for the entire $42,263.80 seized and returned to the bank. The government does not directly respond to this argument. The record reflects that the government returned a total of $42,263.80 in seized funds to the bank on April 1, 1998. *See* January 15, 1999 response to Robinson's motion to return property, Ex. A, Dkt. No. 122. As noted above, the court reduced the full restitution amount by $24,351.10 before calculating each defendant's individual restitution obligation. Robinson's individual restitution obligation was credited $14,444 for funds the government seized from his father's house. *See* January 28, 1999 order, Dkt. No. 123. Taylor's restitution obligation was credited the remaining $3,468.70. *See* Response, Ex. 2. Accordingly, the balance of the seized funds was setoff against the full restitution amount

3

($24,351.10), Robinson's individual restitution obligation ($14,444), or Taylor's individual restitution obligation ($3,468.70). Contrary to Taylor's argument, the restitution obligations do not exceed the bank's actual loss.

The fact that only Robinson received credit for the $14,444 is of no consequence. Where multiple defendants contributed to a victim's loss, they may be required to pay unequal restitution obligations. Indeed, under 18 U.S.C. § 3664(h), the court has broad discretion to apportion restitution between multiple defendants. In exercising its discretion, this court determined Robinson should be credited the $14,444 recovered from his father's house. *See* January 28, 1999 order, Dkt. No. 123. Taylor's motion to modify his restitution order to reduce his overall liability must be denied.

Finally, in his reply, Taylor objects to the government's calculation of interest. According to the government, Taylor currently owes $20,992.09 in interest on his restitution obligation. Under 18 U.S.C. § 3612 (f)(1), "the defendant shall pay interest on any . . . restitution of more than $2,500," unless the restitution is paid in full before the 15th day after judgment is entered. However, the court may waive interest based on the defendant's inability to pay. *Id.* at § 3612 (f)(3). These provisions were in effect when Taylor was convicted and sentenced. Based on the factual findings in the presentence report adopted by the court, Taylor was unable to pay a fine and full restitution. *See* February 11, 1997 Judgment, p. 5. This same finding warrants waiver of interest under 18 U.S.C. § 3612 (f)(3). The court's failure to waive interest in the February 11, 1997 judgment order was an oversight that may be corrected under Fed. R. Crim. P. 36.

## II. Motion to Review Sentencing Enhancement

Taylor requests the court to review application of the abduction enhancement in calculating his sentence in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). Taylor argues that his request is not "a second collateral attack . . . [under] 28 U.S.C. § 2255," but is brought under 18 U.S.C. § 3664(k). Motion, at p. 4. As set forth above, § 3664(k) only applies to restitution orders when the court receives notification of a change in a defendant's financial condition. Section 3664(k) does not provide a basis for the court to review Taylor's term of imprisonment. Nor can Taylor seek relief under § 2255 because he previously filed a § 2255 motion and has not obtained leave from the Court of Appeals to file a successive petition. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

## CONCLUSION

Taylor's motion for leave to file a reply is granted. His motion for modification of the restitution order is denied. Pursuant to Fed. R. Crim. P. 36, the Clerk of the Court is ordered to correct the record to credit Taylor's restitution account in the amount of $428.60. Pursuant to Fed. R. Crim. P. 36, and based on Taylor's inability to pay, the February 11, 1997 judgment is corrected to waive interest on his $50,000 restitution obligation.

July 8, 2005

ENTER:

Suzanne B. Conlon
United States District Judge